

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*401 Market Street, 4th Floor*                          *856-757-5026*
*Camden, New Jersey 08101*

JBB/PL AGR
2025R00419

July 1, 2025

Jordan G. Zeitz, Esq.
Law Offices of Jordan G. Zeitz
38 Haddon Avenue                                CR. 25-670 (ESK)
Haddonfield, New Jersey 08033

      Re:    <u>Plea Agreement with Rasheed Sharpe</u>

Dear Mr. Zeitz:

      This letter sets forth the plea agreement between your client, Rasheed Sharpe, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on July 15, 2025, if it is not accepted in writing and returned to this Office by that date. If Rasheed Sharpe does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Rasheed Sharpe to an Information that charges Rasheed Sharpe with conspiracy to commit interstate transportation of stolen goods, contrary to 18 U.S.C. § 2314, in violation of 18 U.S.C. § 371. If Rasheed Sharpe enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Rasheed Sharpe for his involvement in burglarizing warehouses between March 1, 2025 and March 13, 2025, the subsequent disposition of goods stolen during those burglaries, or conspiring to do the same, as set forth in the complaint pending against him in 25-mj-17045 (SAK). Rasheed Sharpe agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rasheed Sharpe even if the applicable statute of limitations period for those charges expires after Rasheed Sharpe signs this agreement, and Rasheed Sharpe agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which Rasheed Sharpe agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any other prison sentence Rasheed Sharpe is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rasheed Sharpe is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rasheed Sharpe ultimately will receive.

Further, in addition to imposing any other penalty on Rasheed Sharpe, the sentencing judge as part of the sentence:

(1)     will order Rasheed Sharpe to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Rasheed Sharpe to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Rasheed Sharpe, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     may order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(5)     pursuant to 18 U.S.C. § 3583, may require Rasheed Sharpe to serve a term of release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Rasheed Sharpe be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rasheed Sharpe may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Rasheed Sharpe agrees that the sentencing Court must order that Rasheed Sharpe pay restitution to any victims of the offense charged in the Information in an amount that fully compensates each victim for the losses sustained as a result of these offenses. Rasheed Sharpe also agrees to pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the Rasheed Sharpe's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. § 3663A. Rasheed Sharpe understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the Rasheed Sharpe's guilty plea.

Forfeiture

As part of his acceptance of responsibility, Rasheed Sharpe agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense charged in the Information, which Rasheed Sharpe agrees includes the items listed on Schedule B.

Rasheed Sharpe further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by Rasheed Sharpe (the "Money Judgment"). Rasheed Sharpe consents to the entry of an order requiring Rasheed Sharpe to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to Rasheed Sharpe prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Rasheed Sharpe further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Rasheed Sharpe agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Rasheed Sharpe's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Rasheed Sharpe waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Rasheed Sharpe understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Rasheed Sharpe waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Rasheed Sharpe's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Rasheed Sharpe further agrees that not later than the date he enters plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Rasheed Sharpe fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Rasheed Sharpe has intentionally failed to disclose assets on his Financial Disclosure Statement, Rasheed Sharpe agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Rasheed Sharpe by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rasheed Sharpe's activities and relevant conduct with respect to this case.

Stipulations

This Office and Rasheed Sharpe will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Rasheed Sharpe waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Rasheed Sharpe understands that, if Rasheed Sharpe is not a citizen of the United States, Rasheed Sharpe's guilty plea to the charged offense will likely result in Rasheed Sharpe being subject to immigration proceedings and removed from the United States by making Rasheed Sharpe deportable, excludable, or inadmissible, or ending Rasheed Sharpe's naturalization. Rasheed Sharpe understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rasheed Sharpe wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Rasheed Sharpe's removal from the United States. Rasheed Sharpe understands that Rasheed Sharpe is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rasheed Sharpe waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rasheed Sharpe also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rasheed Sharpe. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rasheed Sharpe from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Rasheed Sharpe and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

*/s/Jeffrey B. Bender*

By:     Jeffrey B. Bender
        Assistant U.S. Attorney

APPROVED

Sara A. Aliabadi
Deputy Attorney-in-Charge, Camden

I have received this letter from my attorney, Jordan G. Zeitz, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date:
Rasheed Sharpe



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.



_____          Date:
Jordan G. Zeitz, Esq.
Counsel for Defendant

3:08 PM     4G 📶🔋 34%

← Rasheed Sharpe...    **Save copy**

I have received this letter from my attorney, Jordan G. Zeitz, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED.



Rasheed Sharpe                                Date: 8/14/25

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Jordan G. Zeitz, Esq.                         Date:    8-14-25
Counsel for Defendant

     

Plea Agreement With Rasheed Sharpe

Schedule A

1.     This Office and Rasheed Sharpe recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.     The version of the Guidelines effective November 1, 2024 applies in this case.

3.     The applicable guideline is U.S.S.G. § 2X1.1.  The Base Offense Level comes from the base offense level from the guideline for the substantive offense, as set forth in the following paragraph, and no specific offense characteristics from U.S.S.G. § 2X1.1(b) apply.

4.     The applicable guideline for the substantive offense is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6 because the statutory maximum prison sentence is less than 20 years.  *See* U.S.S.G. § 2B1.1(a)(2).

5.     Because the loss was between $150,000 and $250,000, 10 levels are added. *See* U.S.S.G. § 2B1.1(b)(1)(F).

6.     The Government reserves the right to argue that the offense involved an organized scheme to steal or to receive stolen goods or chattels that are part of a cargo shipment, and therefore a two-level enhancement is warranted under U.S.S.G. § 2B1.1(b)(15)(B).  Rasheed Sharpe agrees that he was part of an organized scheme to steal or receive stolen goods or chattles, but he reserves the right to argue that the stolen goods or chattles were not part of a cargo shipment, and therefore no enhancement is warranted under U.S.S.G. § 2B1.1(b)(15)(B).

7.     As of the date of this letter, Rasheed Sharpe has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Rasheed Sharpe's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.     As of the date of this letter, Rasheed Sharpe has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Rasheed Sharpe's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Rasheed Sharpe enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Rasheed Sharpe's acceptance of responsibility has continued through the date of sentencing and Rasheed Sharpe therefore qualifies for a 2-point

reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Rasheed Sharpe's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.    Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted above, the total offense level ("Total Offense Level") applicable to Rasheed Sharpe is:

(a)    15, if the Court determines a two-level enhancement under U.S.S.G. § 2B1.1(b)(15)(B) applies; or

(b)    13, if the Court determines a two-level enhancement under U.S.S.G. § 2B1.1(b)(15)(B) does not apply.

10.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.    If the term of imprisonment does not exceed 51 months, and except as specified in the next paragraph below, Rasheed Sharpe will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 41 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that

- 9 -

the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

<u>Plea Agreement With Rasheed Sharpe</u>

<u>Schedule B</u>

Rasheed Sharpe agrees to forfeit the following items, which were acquired during the lawful search of a rented box truck he was driving on or about March 13, 2025:

| Brand | Type | weight | # units |
|---|---|---|---|
| Marc Jacobs | Daisy | 3.3 oz | 11 |
| Dolce &Gabbana | Intenso | 2.5 oz | 3 |
| Dolce &Gabbana | Light Blue | 1.3 oz | 39 |
| Viktor & Rolf | Spicebomb | 1.7 oz | 5 |
| Versace | Red Jeans women | 2.5 oz | 8 |
| Versace | Man Eau Fraiche | 3.4 oz | 38 |
| Aspen | Cologne | 4 oz | 43 |
| Clinique | Happy Perfume | 3.4 oz | 32 |
| Clinique | Happy Heart | 3.4 oz | 15 |
| Juicy Couture | Viva La Juicy | 3.4 oz | 175 |
| Calvin Klein | Obsession for men | 4.2 oz | 36 |
| Bvlgari | Pour Homme | 3.4 oz | 25 |
| Calvin Klein | Be | 6.7 oz | 38 |
| Jo Malone | Lime Basil & Mandarin | 3.4 oz | 24 |
| Yves St. Laurent | Libre- Eau de Toilette | 3 oz | 26 |
| Yves St. Laurent | Libre- Eau de Perfum | 3 oz | 26 |
| Givenchy | L'Interdit | 2.7 oz | 20 |
| Burberry | Brit- Her | 3.3 oz | 7 |
| Chanel | Paris-Bleu | 1.7 oz | 24 |
| Yves St. Laurent | Black Opium | 3 oz | 22 |
| Burberry | Brit-Him | 3.3 oz | 10 |
| Chanel | Chance | 3.4 oz | 138 |
| Chanel | Paris- coco mademoiselle | 3.4 oz | 120 |
| Burberry | Black | 3 oz | 28 |
| Marc Jacobs | Perfect | 1.6 oz | 8 |
| Coach | Poppy | 3.3 oz | 25 |
| Philosphy | Field of Flowers | 2 oz | 12 |
| Coach | New York | 1 oz | 5 |
| Carolina Herrera | 212 VIP Black | 3.4 oz | 7 |
| Dior | Sauvage- Perfume | 3.4 oz | 18 |
| Calvin Klein | Eternity for Women | 3.3 oz | 170 |
| Valentino | Born in Roma | 3.4 oz | 53 |
| Maison Margiela | Replica Beach walk | 3.4 oz | 30 |
| Gucci | Flora | 3.3 oz | 41 |
| Giorgio Armani | My Way | 3 oz | 98 |
| Gucci | Bloom | 1.6 oz | 25 |

| Brand | Type | weight | # units |
|---|---|---|---|
| Davidoff | Cool water intense | 4.2 oz | 8 |
| Philosykos | Eau de toilette | 3.4 oz | 27 |
| Burberry | Brit- Her | 1.6 oz | 3 |
| Azzaro | Chrome | 6.76 oz | 98 |
| Dior | Miss Dior-blooming bouquet | 3.4 oz | 74 |
| Dior | Miss Dior-blooming bouquet | 1.7 oz | 45 |
| Carolina Herrera | 212 Sexy Men | 3.4 oz | 22 |
| Dior | Hypnotic Poison | 4 oz | 28 |